IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GUY N. GOREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00072-O |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, and Recommendation [hereinafter, the "FCR"], ECF No. 17. Plaintiff Guy Goree filed objections. *See* Pl.'s Obj., ECF No. 18. The Magistrate Judge recommends that the Court affirm the Commissioner's decision. The Court conducted de novo review of those portions of the proposed findings and recommendation to which objections were made. The Court finds that the findings and conclusions of the Magistrate Judge are correct. Therefore, Plaintiff's objections are **OVERRULED** and the Magistrate's findings and conclusions are **ADOPTED** as the findings and conclusions of the Court.

**I.     BACKGROUND**

This case involves the denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff initially alleged his disability began on January 1, 2013. Admin. Rec. 189, ECF No. 13-1. Plaintiff filed for DIB and SSI on March 31, 2015. *Id*. The Commissioner of the Social Security Administration ("Commissioner") denied Plaintiff's application for benefits

1

on July 22, 2015, and denied the application again on reconsideration on November 3, 2015. *Id*. at 19. Administrative Law Judge ("ALJ') Douglas S. Stults held a hearing on July 27, 2016. *Id*. At the hearing, Plaintiff requested that his alleged disability onset date be amended to May 2, 2014. *Id*. The ALJ found that Plaintiff was not disabled in a decision issued on May 22, 2017. *Id*. at 19–33. The ALJ applied the five-step analysis for determining disability articulated in 20 CFR § 404.1520. *Id*. at 21–32. The ALJ found that the state medical examiners' opinions were supported by the evidence as a whole. *Id*. at 31. On the fifth step, the ALJ concluded that Plaintiff could adjust to a significant number of jobs nationwide based upon the testimony of a vocational expert. *Id*. at 32–33.

## II. LEGAL STANDARD

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). When applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Commissioner, not the court, has the duty to

weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation does not go on to the next step. *Id*. The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id*. If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id*. § 404.1520a(d)(3).

## III. ANALYSIS OF OBJECTIONS

Plaintiff challenges the Commissioner's denial of his disability claims, the ALJ's determination, and the Magistrate Judge's findings, arguing that the ALJ's residual functioning capacity ("RFC") finding is not supported by any medical opinion of record and not supported by substantial evidence. Pl.'s Obj., ECF No. 18.

Plaintiff argues that: (1) the ALJ's RFC finding was not based on any medical assessment of record; (2) "the ALJ improperly inferred Plaintiff's RFC based on his own interpretation of the medical records without the assistance of an examining or treating physician"; and (3) the ALJ should have requested an updated medical source statement describing types of work Plaintiff could perform. *Id*. at 2–4.

## A. Medical Assessments

Plaintiff argues that if the ALJ did not rely upon the opinions of Drs. O'Callaghan, Rowley, and Herman, then the RFC finding is not based on any medical evidence of record ("MER"). Pl.'s Obj. 2, ECF No. 18. But the record indicates that the ALJ *did* rely on the opinions of Drs. O'Callaghan, Rowley, and Herman—just not solely. Admin. Rec. 31, ECF No. 13-1. An ALJ cannot derive a claimant's RFC without opinions from medical experts. *Williams v. Astrue*, 355 Fed. Appx. 828, 832 (5th Cir. 2009). Because the ALJ did rely on the opinions of the state medical examiners, the ALJ's decision was properly based on a medical assessment of record.

Alternatively, Plaintiff argues that if the RFC finding is based on the opinions of Drs. O'Callaghan, Rowley, and Herman, then *Washington v. Berryhill* is controlling. Pl.'s Obj. 3, ECF No. 18; *see Washington v. Berryhill*, 3:17-CV-0001-BK, 2017 WL 4422404, at *4 (N.D. Tex. Oct. 5, 2017). In *Washington*, an ALJ's opinion was reversed and remanded for "essentially adopting" a state disability examiner's two-year-old assessment despite circumstances changing significantly in the meantime. *Washington v. Berryhill*, 3:17-CV-0001-BK, 2017 WL 4422404, at *4 (N.D. Tex. Oct. 5, 2017). Plaintiff underscores that the opinions of Drs. O'Callaghan, Rowley, and Herman were based upon an incomplete record and rendered nearly two years before the ALJ's decision. *Id*. But, the ALJ did not "essentially adopt" the opinion of Drs. O'Callaghan, Rowley and Herman. Rather, the ALJ found Goree had limitations that Drs. O'Callaghan, Rowley, and Herman did not find. Admin. Rec. 189, 216, 230, ECF No. 13-1. And unlike *Washington*, there were not significantly changed circumstances in the record. As the Magistrate Judge noted, substantial evidence in the record supported the opinions of the state medical examiners. FCR 11, ECF No. 17. The ALJ's RFC finding differed from the state disability examiners' opinions. *Id*. Furthermore, the ALJ did not rely solely on the state disability examiners' opinions. *Id*. The ALJ also relied on

4

Drs. Miller, Nadoo, and Smith's opinions in assessing Goree's RFC. Admin. Rec. 29–31, ECF No. 13-1.

When analyzing Plaintiff's argument that the state medical examiners did not have a complete MER at the time of their assessments, the Magistrate Judge noted substantial evidence in the record justified their opinions. FCR 11, ECF No. 17. Such evidence included Goree's testimony and the MER. Admin. Rec. 157–173, 636, 697, 737, 789, ECF No. 13-1. An ALJ cannot determine their own medical conclusions from some of the data without relying on a medical expert's help. *Frank v. Barnhart*, 326 F.3d 618, 621–22 (5th Cir. 2003). The substantial evidence in the record supporting the state medical examiners' opinions combined with the fact that the ALJ did not rely solely upon the state medical examiners resolves Plaintiff's argument on this point.

Given that the ALJ did not "essentially adopt" the state medical examiners' opinions and, in fact, relied upon other medical opinion evidence, *Washington* does not apply. Therefore, Plaintiff's medical assessment objection is **OVERRULED**.

B.      **Requirement to Obtain an Updated Medical Source for Work Capacity**

Plaintiff argues that because Drs. O'Callaghan, Rowley, and Herman did not have a complete MER at the time of their assessments, the ALJ should have requested "an updated medical source statement describing the types of work that [Plaintiff] could perform given his limitations," instead of relying on the vocational expert's testimony. Pl.'s Obj. 4, ECF No. 18.

Usually, an ALJ should request a medical source statement describing the types of work that the claimant is still capable of performing, but the absence of such a statement does not make the record incomplete if the ALJ's decision is supported by substantial evidence in the existing record. *Ripley,* 67 F.3d at 557. The ALJ can rely upon vocational expert testimony to determine if

there is work that can be done in the national economy by the claimant. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Magistrate Judge Ray noted that the state disability examiners "may not have had a complete MER at the time of their initial and reconsideration assessments," but explained that substantial evidence in the record corroborated their opinions. FCR 10–11, ECF No. 17. The Magistrate Judge also noted that the vocational expert testimony "considered Goree's age, education, work experience, and RFC assessment limitations," and concluded that "although Goree could not return to his past relevant work as a truck driver, he could be a mail sorter, mail clerk, or collator operator in private industry." *Id*. at 12. If no medical statement has been provided, the reviewing court examines whether the ALJ's decision is supported by substantial evidence in the existing record. *See Ripley*, 67 F.3d at 557. This Court agrees with the Magistrate Judge that the ALJ's decision was reflected by substantial evidence in the record and that because he relied on a vocational expert's testimony, the ALJ was not required to obtain an updated medical source statement. As such, Plaintiff's objection that the ALJ was required to obtain an updated medical source statement is **OVERRULED**.

The Magistrate Judge pointed to evidence that addressed the issues to which Plaintiff now objects and provided reasoning for his decision. Therefore, this Court finds substantial evidence to support the decision and as such, the objections should be overruled. *See Leggett*, 67 F.3d at 564; *see also Johnson*, 864 F.2d at 343–44.

IV. **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS** the Magistrate Judge's findings, conclusions, and recommendations. The Court **AFFIRMS** the

6

decision of the ALJ and that of the Commissioner. Accordingly, this action is **DISMISSED with prejudice**.

    **SO ORDERED** this **22nd day** of **July, 2019**.

                                                Reed O'Connor
                                                **UNITED STATES DISTRICT JUDGE**